## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGACLOUD TECHNOLOGY INC, a Cayman Islands corporation, and GIGACLOUD TRADING INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LINON HOME DÉCOR PRODUCTS, INC., a New York corporation; L. POWELL NEWCO, INC., a Delaware corporation; DEMETRIOS ZIOZIS; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04308-CBM-AGR<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>INTRODUCTION</u>

    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

    B.    <u>GOOD CAUSE STATEMENT</u>

Good cause exists for entry of this Stipulated Protective Order because this is an action for alleged trade secret misappropriation. It is likely to involve proprietary and highly sensitive information, such as the Parties' alleged trade secrets and related confidential information such as quality metrics, product sourcing, channel relationships, and product strategy information[1] for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. See *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the . . . release of trade secrets.")

---

[1] *See* Compl. (Dkt. No. 1) ¶ 49.

1  (citation omitted); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8430369, at *2 (N.D. Cal. Dec. 4, 2023) ("Good cause exists to seal trade secrets.").

The same is true for "confidential business information that would harm a party's competitive standing." *Id.*; *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 586, 569 (9th Cir. 2008); *Table de France, Inc. v. DBC Corp.*, 2019 WL 6894521, at *2 (C.D. Cal. 2019). Confidential business information includes (without limitation) specifications by which the Parties' products are manufactured, produced, packaged, and stored; data about the factories that manufacture the Parties' products; the pricing terms and allowance deductions for the Parties' customers; gross profit and contribution margins for the Parties' products; the number of units of products sold; top selling products by gross sales and margin; other competitively sensitive financial information; internal forecasts and budgeting; and confidential business agreements with third parties.

Based on information requested, including that described herein, the Parties anticipate that they will disclose confidential and sensitive trade secret, financial, and/or proprietary information. Confidential trade secret, financial, and/or proprietary information of third parties may also be disclosed. It is important that this information remain protected and not be readily available due to the protection of business competition interests. The unrestricted or unprotected disclosure of such trade secret, financial and/or business information would result in prejudice or harm to the Producing Party and third parties by revealing their information which could result in loss of business and/or violation of federal and state laws and regulations regarding the exportation of technical data. Furthermore, certain technical and business information that the Parties anticipate disclosing is so sensitive that the Parties believe that its disclosure should be restricted to particular individuals even within the context of the litigation to prevent significant harm to the Producing Party

or third parties.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. A two-tiered designation system is necessary in this Action because (1) the Parties contemplate allowing House Counsel access to certain information; and (2) the Parties contemplate production of trade secret information.

2.   DEFINITIONS

2.1   Action: *GigaCloud Technology Inc, et al. v. Linon Home Decor Products, Inc., et al.*, 2:24-CV-04308-CBM-AGR (C.D. Cal.).

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: any non-public technical, research, development, regulatory, operational, commercial, non-public personal, financial, marketing, strategic planning information, pricing and cost data, quality metrics, product sourcing, channel relationships, and product strategy information, or any other competitive information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under the Federal Rules of Civil Procedure or other applicable law or is required to be kept Confidential by law or by agreement with a third party or otherwise.

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: any highly sensitive Confidential information or items that the Producing Party believes in good faith constitute technical or business information of a most sensitive nature that might be of significant value to an actual or potential competitor of the Producing Party and should be restricted to even more limited access than Confidential information or items, including but not limited to trade secrets, customers, pricing, and sales information, technical information, technical practices, methods, or other know-how, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with Third Parties, market projections or forecasts, strategic business plans, selling or marketing strategies, new product development, testing, manufacturing costs, information regarding employees, sensitive research materials, development and strategic plans, scientific research, or pending but unpublished patent applications.

2.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.12 Party or Parties: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

1  under this Order must be clearly so designated before or at the time that the material
2  is disclosed or produced.
3         Designation in conformity with this Order requires:
4         (a)    for information in documentary form (e.g., paper or electronic
5  documents, but excluding transcripts of depositions or other pretrial or trial
6  proceedings), that the Producing Party affix at a minimum, the legend
7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
8  ONLY" to each page that contains protected material.
9         A Party or Non-Party that makes original documents or materials available for
10 inspection need not designate them for protection until after the inspecting Party has
11 indicated which documents it would like copied and produced.  During the inspection
12 and before the designation, all of the material made available for inspection will be
13 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
14 inspecting Party has identified the documents it wants copied and produced, the
15 Producing Party must determine which documents, or portions thereof, qualify for
16 protection under this Order.  Then, before producing the specified documents, the
17 Producing Party must affix the "CONFIDENTIAL legend" to each page that contains
18 Protected Material.
19        (b)    for testimony given in depositions, ~~or in other pretrial or trial~~
20 ~~proceedings~~ that the Designating Party identify the Disclosure or Discovery Material
21 on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all
22 protected testimony.  When it is impractical to identify separately each portion of
23 testimony that is entitled to protection and it appears that substantial portions of the
24 testimony may qualify for protection, the Designating Party may invoke on the record
25 (before the deposition~~, hearing, or other proceeding~~ is concluded) a right to have up
26 to 21 days to identify the specific portions of the testimony as to which protection is
27 sought.  Only those portions of the testimony that are appropriately designated for
28 protection within the 21 days shall be covered by the provisions of this Stipulated

- 8 -

STIPULATED PROTECTIVE ORDER
CASE NO: 2:24-CV-04308-CBM-AGR

Protective Order. Alternatively, a Designating Party may specify, at the deposition, ~~hearing, or other proceeding,~~ or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, ~~hearing, or other proceeding~~ to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3     Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.   The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq*.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this Action or any related proceeding, and not for any other purpose whatsoever, including, for example, but not limited to (a) any business, proprietary, or commercial purpose or (b) use in connection with the prosecution of patents or patent applications, including in

connection with the prosecution of patent applications relating to the subject matter of this Action, any claims in any reissue, interference, reexamination, inter partes review, post-grant review, or any contested proceeding before the U.S. Patent & Trademark Office or any foreign patent office. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees, and counsel (including House Counsel and outside counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their staff to whom disclosure is reasonably necessary for this Action and who are supervised by Experts who have signed Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and

1  Professional Vendors to whom disclosure is reasonably necessary for this Action and
2  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3        (g)    the author or recipient of a document containing the information
4  or a custodian or other person who otherwise possessed or knew the information;

5        (h)    during their depositions, witnesses, and attorneys for witnesses,
6  in the Action to whom disclosure is reasonably necessary provided: the deposing
7  Party requests that the witness sign the Acknowledgment and Agreement to Be
8  Bound" attached as Exhibit A hereto[2] unless otherwise agreed by the Designating
9  Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits
10 to depositions that reveal Protected Material may  be separately bound by the court
11 reporter and may not be disclosed to anyone except as permitted under this Stipulated
12 Protective Order; and

13       (i)    any mediator or settlement officer, and their supporting
14 personnel, mutually agreed upon by any of the parties engaged in settlement
15 discussions.

16     7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in
18 writing by the Designating Party, a Receiving Party may disclose any information or
19 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only
20 to:

21       (a)    the Receiving Party's Outside Counsel of Record in this Action,
22 as well as employees of said Outside Counsel of Record to whom it is reasonably
23 necessary to disclose the information for this litigation;

24       (b)    House Counsel of the Receiving Party who has no involvement
25 in competitive decision-making for the Receiving Party and to whom disclosure is

---

[2] For avoidance of doubt, a witness may be shown any document on which they are listed as an author, recipient, or custodian, or which they otherwise possessed, even if they have not signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their staff to whom disclosure is reasonably necessary for this Action and who are supervised by Experts who have signed Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 With respect to Material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any person indicated on the face of the document, or in the associated metadata, to be its originator, author, or a recipient of a copy of the document, may be shown the same.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

    (b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

    (1)  promptly notify in writing the Receiving Party and the Non-Party

that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, written discovery requests and responses, trial, deposition, and hearing transcripts, legal memoranda, correspondence between the Parties, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14. Any violation of this order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. The Parties and all signatories to the certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the court enters a different protective order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential and Highly Confidential – Attorneys' Eyes Only materials under the terms herein.

///

///

<u>IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD</u>

Dated: February 24, 2025                JONES DAY

By:   <u>/s/ *Ann T. Rossum*</u>
        Ann T. Rossum

Attorneys for Plaintiffs
GIGACLOUD TECHNOLOGY INC
and GIGACLOUD TRADING INC.

Dated: February 24, 2025                GREENBERG TRAURIG, LLP

By:   <u>/s/ *Jordan D. Grotzinger*</u>
        Jordan D. Grotzinger

Attorneys for Defendants
LINON HOME DÉCOR PRODUCTS, INC., L. POWELL NEWCO, INC., DEMETRIOS ZIOZIS, and DOES 1-20, inclusive

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February 24, 2025

*alicia G. Rosenberg*
_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Ann T. Rossum, hereby certify that the content of this document is acceptable to Jordan Grotzinger, counsel to Defendant, and that Jordan Grotzinger has provided his authorization to affix his

1 | electronic signature to and file this document.

2

3 | Dated: February 24, 2025                    JONES DAY

4

5 |                                             By:  /s/ Ann T. Rossum
                                                     Ann T. Rossum

6 |                                             Attorneys for Plaintiffs
7 |                                             GIGACLOUD TECHNOLOGY INC
                                                and GIGACLOUD TRADING INC.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *GigaCloud Technology Inc, et al. v. Linon Home Decor Products, Inc., et al.*, 2:24-CV-04308-CBM-AGR (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of \_\_\_ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____